**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
APRIL SESSION, 1995**

**FILED**

**October 17, 1995**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9410-CR-00369 |
| Appellee | ) | |
| | ) | BLOUNT COUNTY |
| vs. | ) | |
| | ) | Hon. **D. Kelly Thomas, Jr.**, Judge |
| **MARJORIE JEANETTE SNEED,** | ) | |
| | ) | (Forgery, six counts; Criminal |
| Appellant | ) | Simulation, five counts) |

For the Appellant:

**Mack Garner**
District Public Defender
318 Court Street
Maryville, TN 37804

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Cyril V. Fraser**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Michael L. Flynn**
District Attorney General

**Edward P. Bailey, Jr.**
Asst. District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

The appellant, Marjorie Jeanette Sneed, entered pleas to two counts of forgery over $1000, four counts of forgery over $500, and five counts of criminal simulation. Pursuant to the plea agreement, the appellant received two two-year sentences for the convictions of forgery over $1000, four one-year sentences for the convictions of forgery over $500, and five one-year sentences for the criminal simulation convictions. The trial court ordered all of the sentences to run concurrently. After imposition of the above sentences, the trial court suspended all but thirty days of each offense, followed by supervised probation for three years and eleven months. The appellant now appeals from the sentences imposed, contending that she should have been granted full probation on all sentences.

After a review of the record, we affirm the judgment of the trial court.

A sentencing hearing was held on May 31, 1994 to determine the manner of service of the sentences imposed. The evidence at the hearing established that the appellant was a twenty-five year old mother of four. The proof further established that she was separated from her husband at the time of the hearing, and had surrendered custody of her children to her husband's relatives. The appellant was employed by Water Service, Inc., making $4.75 per hour. The presentence report revealed that the appellant has one prior felony conviction for attempt to commit false pretenses, for which she received a one-year suspended sentence. The appellant also admitted during testimony that she had knowingly passed several bad checks in the past, all of which she had paid or was currently paying off. The appellant also testified that she had had a drug and alcohol problem in the past, but that she had been drug-free for approximately one year

and was willing to undergo treatment for her drug problem.

Appellate review of a sentence is *de novo*, with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d) (1990).  The appellant has the burden of establishing that the sentence imposed by the trial court was erroneous.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991).  In determining whether the appellant has met this burden, we must consider the evidence received at the trial and the sentencing hearing, the presentence report, the principles of sentencing, argument of counsel, the nature and characteristics of the offenses, existing mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation.  Ashby, 823 S.W.2d at 168; Tenn. Code Ann. § 40-35-210 (1990). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  Ashby, 823 S.W.2d at 169.  At the conclusion of the sentencing hearing, the trial court imposed the sentences upon the appellant without explanation or entry of any findings of fact.  The presumption  of correctness therefore does not apply.

The appellant argues that she is entitled to the presumption of being a favorable candidate for alternative sentencing found in Tenn. Code Ann. § 40-35-102(6).  This argument is correct.  However, the appellant fails to recognize that she did in fact receive an alternative sentence.  The appellant was sentenced to split confinement, which is listed as an alternative sentencing option in Tenn. Code Ann. § 40-35-104(c)(3) (1994 Supp.).  The presumption of alternative sentencing therefore has no application to the determination of the issue before us.

3

Even though the appellant is entitled to the presumption of alternative sentencing, she has the burden of establishing her suitability for full probation. See State v. Bingham, No. 03C01-9404-CR-00127 (Tenn. Crim. App. Knoxville, Feb. 14, 1995); Tenn. Code Ann. § 40-35-303(b) (1994 Supp.). To meet the burden of establishing suitability for full probation, the appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d. 250, 259 (Tenn. Crim. App. 1990).

In the instant case, the appellant has not met the burden of establishing suitability for full probation. The appellant contends that she is a superior candidate for rehabilitation, but her work and social history indicate otherwise. On the date of the sentencing hearing, the appellant had been working for two months. However, at the time the presentence report was prepared, she had been gainfully employed only one day during her adult life. The circumstances of the offenses and the appellant's prior criminal history are indicative that some period of confinement is appropriate. The appellant was charged and convicted on eleven separate felony counts. She has a previous felony conviction for a crime involving dishonesty for which she received probation. The appellant has admitted to passing bad checks in Loudon and Knox Counties for the purchase of drugs. As noted, measures less restrictive than confinement have been applied unsuccessfully to the appellant. See Tenn. Code Ann. § 40-35-103(c) (1990). Under these facts, we cannot conclude that the appellant has demonstrated her suitability for full probation.

The judgment of the trial court is affirmed.

_____

                                              **DAVID G. HAYES, Judge**


CONCUR:



_____
**DAVID H. WELLES, Judge**


_____
**JOHN A. TURNBULL, Special Judge**